UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DARRICK H. HOOD, #218683,

                    Petitioner,

v.                              CIVIL ACTION NO. 2:06cv422

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On May 23, 2002, Petitioner, Darrick H. Hood ("Hood"), was convicted in the Circuit Court of the County of Chesterfield ("Circuit Court") of aggravated malicious wounding, use of a firearm in the commission of a felony, and possession of a firearm by a felon.[1] Following a sentencing hearing on July 16, 2002, Hood

_____

[1] Hood was represented at trial and at the subsequent sentencing hearing by Brent A. Jackson, Esq. ("Attorney Jackson"). It appears that Hood was initially represented by his court-

was sentenced to a total of thirty-two (32) years imprisonment, as reflected in the court's sentencing order dated September 18, 2002.

On September 17, 2002, Hood filed his notice of appeal to the Court of Appeals of Virginia ("Court of Appeals"). Thereafter, on January 31, 2003, Hood filed the petition for appeal in the Court of Appeals.[2] On May 23, 2003, the Court of Appeals granted the

---

appointed attorney, William P. Irwin, V, Esq. ("Attorney Irwin"), but that on or about February 26, 2002, Hood's family retained Attorney Jackson to represent him, citing certain irreconcilable differences between Hood and Attorney Irwin. On that date, Attorney Irwin was allowed to withdraw from the case, and the court appointed Attorney Jackson to represent Hood. Following his convictions, by letter received August 1, 2002, Hood informed the court of his intent to appeal, but indicated he could not afford to continue to retain Attorney Jackson. On August 27, 2002, the court appointed Travis R. Williams, Esq. ("Attorney Williams"), to represent Hood during his direct appeals, but on January 14, 2003, the court allowed Attorney Williams to withdraw and substituted as counsel John F. McGarvey, Esq. ("Attorney McGarvey"), who was retained by Hood.

[2]In that petition, Hood raised eight (8) grounds for appeal:
(1) The trial court erred in permitting the testimony of the Commonwealth's two (2) jailhouse witnesses where the Commonwealth did not provide their extensive criminal records to the defense until ten (10) minutes before trial;
(2) The trial court erred in permitting the victim to remain in the courtroom during the entire trial, even though a motion to exclude witnesses was made;
(3) The trial court erred in denying the defense motion in limine where the Commonwealth failed to disclose exculpatory information regarding its witness, Dr. Douglas Peoples;
(4) The trial court abused its discretion in denying the defense's request for a jury instruction on unlawful wounding;
(5) The trial court abused its discretion in denying the defense's request for a jury instruction on malice;
(6) The trial court abused its discretion in denying the defense's request for a jury instruction on without-fault self defense;
(7) The evidence was insufficient to support a conviction for aggravated malicious wounding; and

petition for appeal in part, as to claims 4-8, and denied it in part, as to claims 1-3.[3]   Record No. 2419-02-2 ("Hood I").   Upon consideration of the parties' briefs, the Court of Appeals issued

_____

(8) The evidence was insufficient to support a conviction for possession of a firearm by a convicted felon, given the evidence of the defense of necessity in the case.

[3]In denying claims 1-3 of the petition, the Court of Appeals stated:

(1) As to claim 1, the trial court did not err in permitting the testimony of the Commonwealth's rebuttal witnesses, Timothy Smith and Donte Christian, even though the Commonwealth did not provide the defense with exculpatory evidence as to their criminal records until the morning of trial.  Hood I, at 2.  The record reflected that defense counsel had an opportunity to review the records before those witnesses were called by the Commonwealth in rebuttal, defense counsel used the evidence during his cross-examination of the witnesses, and there was no showing of any prejudice suffered by the defendant as a result of the late disclosure.  Id. at 3;

(2) As to claim 2, the trial court did not err in permitting the victim to remain in the courtroom during the trial, even though the defense moved to exclude the witnesses because of the defendant's self-defense claim and the possibility of a rebuttal case.  Id. at 3-4.  The court noted that under Va. Code Ann. § 19.2-265.01, any victim is not to be excluded unless the trial court determines, in its discretion, that the victim's "presence would impair the conduct of a fair trial," and the record did not establish that the victim's presence made the trial unfair.  Id. at 4; and

(3) As to claim 3, the trial court did not err in overruling the defendant's objection to the testimony of the Commonwealth's witness, Dr. Douglas Peoples, because the Commonwealth failed to disclose potentially exculpatory evidence regarding the loss or termination of the dentistry license of that witness.  Id. at 4. As a procedural matter, the court first established that it was not the defendant's motion in limine at issue, rather it was the Commonwealth that moved the court in limine to prevent the defense from referring to this information, unless it became relevant.  Id. at 5 n.3.  The court assumed without deciding that the information was indeed exculpatory, but found there was not a showing of a reasonable probability of a different outcome at trial had the information been disclosed.  Id. at 6.

an unpublished opinion, on January 28, 2004, rejecting the remaining grounds for appeal and affirming Hood's convictions.[4] Record No. 2419-02-2 ("_Hood II_").  On February 14, 2004, Hood filed

---

[4]In its opinion, the Court of Appeals used a different nomenclature in addressing the remaining claims 4-8, namely, the court referred to them as claims I.B., I.C., I.D., II.B. and II.C. In denying those claims, the Court of Appeals stated:

(1) As to claim I.B. (claim 4 in the petition for appeal), the trial court did not err in denying the defense's request for a jury instruction on the lesser-included offense of unlawful wounding. _Hood II_, at 5.  The court rejected Hood's argument that the evidence suggested acts performed in a heat of passion, as opposed to with malice; the court found Hood's assertion that he fired a "warning shot" that unintentionally struck the victim was inconsistent with his claim of heat of passion; and the court determined that, in any event, "not a scintilla of evidence in this case supports Hood's contention that he acted in the heat of passion." _Id._;

(2) As to claim I.C. (claim 5 in the petition for appeal), the trial court did not err in denying the defense's request for a jury instruction on malice because the evidence failed to establish acts performed in the heat of passion, thus there was no need for a jury instruction to distinguish heat of passion from malice.  _Id._ at 7;

(3) As to claim I.D. (claim 6 in the petition for appeal), the trial court did not err in denying the defense's request for a without-fault self-defense jury instruction because the evidence failed to establish that Hood was without fault in the first instance.  _Id._ at 7;

(4) As to claim II.B. (claim 7 in the petition for appeal), the evidence was sufficient to support a conviction for aggravated malicious wounding because there was sufficient evidence for the trier of fact to find, whether directly, implicitly or by inference, that Hood acted with malice, and because the trier of fact was entitled to reject Hood's testimony that the shooting was an accident.  _Id._ at 8-9; and

(5) As to claim II.C. (claim 8 in the petition for appeal), the evidence was sufficient to support a conviction for  possession of a firearm by a convicted felon, notwithstanding his common-law defense of necessity, because it was reasonable for the trial court to have concluded that Hood's purchase of the firearm was not necessary to avoid an imminent harm.  _Id._ at 9-10.

a petition for appeal in the Supreme Court of Virginia.[5]   On June 10, 2004, the Supreme Court of Virginia summarily refused the petition for appeal.  Record No. 040328 ("Hood III").  Hood did not file a petition for certiorari in the United States Supreme Court.

On or about November 6, 2004,[6] Hood filed a pro se petition for a writ of habeas corpus in the Circuit Court ("state habeas petition").[7]   On February 17, 2005, the Circuit Court denied and

---

[5]In that petition, Hood raised the same grounds for appeal as was raised in his petition for appeal to the Court of Appeals, see supra note 2.

[6]The Court notes that its copy of the state habeas petition, as provided in the record, is undated, but Hood's federal habeas petition indicates that the petition was filed on November 6, 2004 and Respondent indicates that the petition was filed some time in November, 2004.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  In the absence of evidence to the contrary, the Court has applied this rule in considering Hood's state habeas petition, for statute of limitations purposes, as filed on November 6, 2004.

[7]In that petition, Hood raised the following grounds:
(A) His conviction for possession of a firearm by a felon was based on the use of evidence obtained as a result of an unlawful arrest, namely, that he was charged and convicted in violation of the "Double Jeopardy clause";
(B) His convictions were obtained by a violation of the privilege against self incrimination because he requested legal representation prior to any discussions that led to his convictions;
(C) His convictions were obtained by the unconstitutional failure of the prosecutor to disclose potentially exculpatory information to the defense, namely, the criminal history of the Commonwealth's jailhouse informants, in violation of Brady v. Maryland, 373 U.S. 83 (1963);
(D) Ineffective assistance of counsel by his trial counsel,

dismissed the petition.[8]  CL 04 HC-1341 ("<u>Hood IV</u>").  On April 21,

---

for failure to:

    (1)  Conduct  adequate  investigation  by  failing  to interview a witness for the Commonwealth;

    (2)  File a complete motion for discovery and to fully inspect; and

    (3)  Move  to  challenge  the  indictments  as  fatally defective because the indictments did not adequately state the proper offenses to which he was charged;

(E) Prejudicial errors by the trial court that violated his constitutional right to a fair trial, namely:

    (1) The trial court erred in denying the defense motion to  strike  the  testimony  of  the  Commonwealth's  two  (2) jailhouse informants;

    (2) The trial court abused its discretion in denying the defense's request for a jury instruction on unlawful wounding;

    (3) The trial court abused its discretion in denying the defense's request for a jury instruction on malice;

    (4) The trial court abused its discretion in denying the defense's request for a jury instruction on without-fault self defense;

    (5) The trial court abused its discretion in denying the defense's request for a jury instruction on self defense;

    (6) The trial court abused its discretion in denying the defense motion in limine where the Commonwealth failed to disclose exculpatory information regarding its witness, Dr. Douglas Peoples;

    (7) The trial court abused its discretion in denying the defense's  argument  that  his  indictment  on  both  firearms charges, namely, use of a firearm and possession of a firearm by a convicted felon, violated the prohibition against double jeopardy;

    (8) The trial court abused its discretion in not properly instructing the jury;

    (9)  The  trial  court  abused  its  discretion  in  not dismissing all charges based on prosecutorial misconduct; and

    (10) The trial court failed to protect his constitutional rights to a fair trial.

---

[8]The Circuit Court determined that:

    As  to  claims  (A),  (B),  (C)  and  (E),  the  claims  were procedurally defaulted under <u>Slayton v. Parrigan</u>, 215 Va. 27, 29 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975), because any such issues that could have been raised at trial or on direct appeal are not cognizable in habeas.  <u>Hood, IV</u>, at 1.

2005, Hood timely filed a <u>pro se</u> petition for appeal to the Supreme

_____

As to claim (D)(1), the Circuit Court found this claim failed under both the "performance" and "prejudice" prongs of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) because Hood failed to identify in his petition which witness counsel allegedly failed to interview, thus he failed to demonstrate that counsel's performance was deficient or that the result of the trial would have been different. <u>Hood IV</u>, at 1-2. Also, the court noted that Hood argued for the first time in his response to the defendant's motion to dismiss that counsel should have interviewed Chesterfield Police Detective Sherry Kendall and used that testimony to impeach another witness, Pamela Mosby, but that claim was barred from review under the successive petition rule, Va. Code § 8.01-654(B)(2), because it was not included in his original petition. <u>Id.</u> at 2. Although the claim was barred, the court stated that it was not supported by the record because during trial Hood's counsel did impeach Pamela Mosby during cross-examination using several statements that Mosby did not dispute having made to Detective Kendall. <u>Id.</u> Ultimately, the court determined that Hood's claim failed because he did not demonstrate what additional information that an interview with Detective Kendall would have produced and that there was a reasonable likelihood that Detective Kendall's testimony would have resulted in a different outcome at trial. <u>Id.</u>

As to claim (D)(2), the Circuit Court found this claim failed under both the "performance" and "prejudice" prongs of <u>Strickland</u> because: (1) Hood did not specifically identify any deficiency in counsel's discovery motion and procedures, and thus he failed to establish counsel's performance was deficient, and (2) Hood failed to failed to demonstrate that the result of the trial would have been different had counsel's discovery motion and procedures been different. <u>Hood IV</u>, at 2.

As to claim (D)(3), the Circuit Court found this claim failed under both the "performance" and "prejudice" prongs of <u>Strickland</u> because Hood did not identify any specific deficiency in the indictments to demonstrate that he was not given proper notice of the charges brought against him, thus he was unable to establish that counsel's performance was deficient or that the result of the trial would have been different had counsel objected to the form of the indictment. <u>Hood IV</u>, at 3. The court also rejected Hood's assertion that his counsel was ineffective for failure to argue that Hood's charges, for possession of a firearm and use of a firearm, violated the prohibition against double jeopardy because those are separate criminal offenses, thus Hood failed to demonstrate that counsel's performance was deficient or that the result of the trial would have been different had he raised such an argument. <u>Id.</u>

Court of Virginia.[9]   On August 29, 2005, the Supreme Court of
Virginia granted the appeal, limited to consideration of claims (C)
and (E) only,[10] but denied the appeal as to the remainder of the
petition (claims (A), (B) and (D)).  Record No. 050978 ("Hood V").
On November 7, 2005, the Circuit Court denied and dismissed the
petition as to the remaining claims (C) and (E).[11]  CL 04 HC-1341

---

[9]In that petition, Hood raised two (2) grounds for appeal:
(1) The Circuit Court erred in denying Hood's request for an
evidentiary hearing because there were material facts in dispute
and because a hearing was necessary to provide Hood the opportunity
to present evidence and develop his claims.  To that end, Hood
asserted that all of the claims in his state habeas petition had
been raised at trial or on direct appeal; and
(2) The Circuit Court erred in finding that Hood was not
entitled to habeas relief based upon ineffective assistance of
counsel due to trial counsel's failure to object to the
Commonwealth's improper and unsupported comments to the trial court
during the trial and the sentencing hearing.

[10]The Supreme Court of Virginia found that the Circuit Court
erred when it found that Hood had failed to raise claims (C) and
(E) to the trial court or on direct appeal, see supra note 8, thus
the Supreme Court of Virginia remanded the case to the Circuit
Court for the limited purpose of considering claims (C) and (E).
Hood V.

[11]Upon reconsideration of claims (C) and (E), the Circuit Court
determined that:
As to claim (C), because Hood had raised the claim in his
direct appeal, and the claim had been resolved against him, the
claim was barred from consideration in habeas under Henry v.
Warden, 265 Va. 246, 248-49 (2003) (claims raised and resolved
against a habeas petitioner in direct appeal are not cognizable in
habeas), instead of being barred from consideration under Slayton,
215 Va. at 29, as erroneously stated by the Circuit Court in Hood
IV.  Hood VI, at 3.
As to claims (E)(1) through (E)(10), the Circuit Court found:
(1) Claims (E)(1), (E)(5), (E)(7), (E)(8), (E)(9) and (E)(10),
were never raised by Hood in his direct appeals, and therefore were
barred from consideration in habeas under Slayton, 215 Va. at 29;
(2) Claims (E)(2), (E)(3), (E)(4), and (E)(6), were raised by
Hood in his direct appeals, and decided against him, and therefore

8

("<u>Hood VI</u>").

On December 21, 2005, Hood filed a second <u>pro se</u> petition for appeal to the Supreme Court of Virginia.[12]  On April 25, 2006, the Supreme Court of Virginia refused the petition.[13]  Record No. 052680 ("<u>Hood VII</u>").

On July 17, 2006, while in the custody of the Virginia Department of Corrections at the Nottoway Correctional Center, Hood

---

were barred from consideration in habeas under <u>Henry</u>, 265 Va. at 248-49, instead of being barred from consideration under <u>Slayton</u>, 215 Va. at 29, as erroneously stated by the Circuit Court in <u>Hood IV</u>.  <u>Hood VI</u>, at 4-5.
The Court of appeals also denied Hood's requests for appointment of counsel and for an evidentiary hearing on the limited grounds for appeal that had been granted by the Supreme Court of Virginia.  <u>Hood VI</u>, at 2.

[12]In that petition, Hood raised three (3) grounds for appeal:
(1) The Circuit Court erred in denying Hood's request for an evidentiary hearing because there were material facts in dispute and because a hearing was necessary to provide Hood the opportunity to present evidence and develop his claims.  To that end, Hood asserted that all of the claims in his state habeas petition had been raised at trial or on direct appeal;
(2) The Circuit Court erred in denying Hood's request for appointment of counsel, after the Supreme Court awarded an appeal as to claims (C) and (E), because the need to develop the record with counsel was warranted; and
(3) The Circuit Court erred in issuing its amended order, denying Hood's request for an evidentiary hearing and for appointment of counsel after the Supreme Court awarded an appeal as to claims (C) and (E).

[13]In refusing the petition, the Supreme Court of Virginia stated that:
(1) As to grounds 1 and 2, the appeal was not perfected in the manner provided by law because the assignments of error were insufficient since they do not relate to the trial court ruling.  Va. Sup. Ct. R. 5:17(c); and
(2) As to ground 3, the assignment of error is insufficient because denial of a motion to appoint counsel is not an appealable order.

executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("federal habeas petition").[14]  This Court directed that the federal habeas petition be filed in its order of August 1, 2006.  On August 29, 2006, Respondent filed Respondent's Motion to Dismiss and Rule 5 Answer, accompanied by a supporting brief ("Respondent's Brief"), and a Notice of Motion Pursuant to Local Rule 7(K).  On September 21, 2006, the Court received from Hood a Motion in Opposition of the Motion to Dismiss By Respondent ("Hood's Brief in Opposition").

## B. <u>Grounds Alleged</u>

Hood now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

    (1)   His conviction was obtained by the unconstitutional failure of the prosecutor to disclose potentially exculpatory information to the defense (claim 1 in the direct appeal; claim (C) in the state habeas petition);

    (2)   Ineffective assistance of counsel:

        (A)   Trial counsel failed to subpoena Detective Sheri

---

[14]The federal habeas petition appears to have been executed on July 17, 2006, was received and filed by the United States District Court for the Eastern District of Virginia, Richmond Division, on July 19, 2006, and was conditionally filed with this Court on July 25, 2006, as it was not accompanied by the required $5.00 filing fee or a request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Hood subsequently paid the required $5.00 filing fee, and the Court directed the petition to be filed in its order of August 1, 2006.  Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d), as amended on December 1, 2004, the Court recognizes the prison mailbox rule for federal habeas petitions.  Accordingly, as there is no evidence in the record to the contrary, the Court will assume that Hood delivered his federal habeas petition for mailing on the date he signed it, July 17, 2006.  Further, the Court considers the petition as being filed, for statute of limitations purposes, on that date.

Kendall as a witness for the defense (claim (D)(1) in the state habeas petition);

(B)   Trial counsel failed to conduct adequate pre-trial investigation by not interviewing witnesses for the prosecution, namely, Pamela Mosby, Donte Christian, Timothy Smith, Dr. Douglas Peoples, or Detective Sheri Kendall (claim (D)(1) in the state habeas petition);

(C)   Trial counsel failed to argue and show that the indictment against Hood was flawed because it did not state the proper offenses for which he was charged (claim (D)(3) in the state habeas petition); and

(D)   Trial counsel failed to file a complete motion for discovery (claim (D)(2) in the state habeas petition);[15]

(3)   Prejudicial errors by the trial court, namely:

(A)   The trial court abused its discretion in denying the defense's request for a jury instruction on unlawful wounding (claim 4 in the direct appeal; claim (E)(2) in the state habeas petition);

(B)   The trial court erred in denying the defense motion to strike the testimony of the Commonwealth's two (2) jailhouse informants (claim 1 in the direct appeal; claim (E)(1) in the state habeas petition);[16]

(C)   The trial court abused its discretion in denying the defense's request for a jury instruction on malice (claim 5 in the direct appeal; claim (E)(3) in the state habeas petition);

(D)   The trial court abused its discretion in denying the defense's request for a jury instruction on without-fault self defense (claim 6 in the direct appeal; claim (E)(4) in the state habeas petition);

(E)   The trial court abused its discretion in denying the defense motion in limine where the Commonwealth failed to disclose exculpatory information

---

[15]The Court notes that Respondent erroneously labeled claims as 2(C) and 2(D) as claims 2(D) and 2(C), respectively. The Court adopts the nomenclature used by Hood in his federal habeas petition.

[16]The Court notes that Respondent erroneously labeled claims as 3(A) and 3(B) as claims 3(B) and 3(A), respectively. The Court adopts the nomenclature used by Hood in his federal habeas petition.

regarding its witness, Dr. Douglas Peoples (claim 3 in the direct appeal; claim (E)(6) in the state habeas petition); and

(F) The trial court failed to protect his constitutional right to a fair trial (claim (E)(10) in the state habeas petition).

As noted above, it appears that Hood attempted to present all of these claims to the state courts, either on direct appeal, in his state habeas petition, or in the petition for appeal of the state habeas petition; however, he has used different nomenclature in referring to the claims herein.

## II. <u>PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING</u>

As a preliminary matter, the Court considers Hood's motion for an evidentiary hearing. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. <u>See</u> Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Hood's motion for an evidentiary hearing.

## III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court FINDS that all of Hood's claims are exhausted, and that each claim, except for claim 3(F), should be addressed on the merits.[17] The Court further FINDS that claim 3(F) is procedurally

---

[17]The Court notes that Respondent has not addressed whether the instant federal habeas petition was timely filed. It appears that Hood's conviction became final on September 8, 2004, which was ninety (90) days after the denial of his direct appeal on June 10, 2004 by the Supreme Court of Virginia and the date upon which the period for seeking direct review of his conviction by the United

defaulted, and that Hood has failed to demonstrate cause and actual prejudice to excuse the procedural default.  Accordingly, the Court will not consider claim 3(F) but will consider claims 1, 2(A), 2(B), 2(C), 2(D), 3(A), 3(B), 3(C), 3(D) and 3(E) on the merits.

## A. <u>Exhaustion Requirement</u>

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b) and (c); <u>Picard v. Conner</u>, 404 U.S. 270, 275 (1971).  As such, this Court cannot grant habeas relief unless Hood has exhausted the remedies available to him in the courts of Virginia.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (if a claim has been addressed by the state's highest

---

States Supreme Court expired.  <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly, Hood had a one (1) year statute of limitations from that date, or until September 8, 2005, in which to file his habeas petition with this Court.  28 U.S.C. § 2244(d)(1).  However, because the limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ," 28 U.S.C. § 2244(d)(2), Hood was entitled to tolling for 366 days while his state habeas petition was pending (between November 6, 2004, the date on which the state habeas petition was filed, <u>see supra</u> note 6, and November 7, 2005, the date the remaining claims of the petition were denied by the Circuit Court, <u>see supra</u> notes 10-11).  Accordingly, Hood had until September 11, 2006 to file his federal habeas petition.  Because the instant federal habeas petition was considered as filed on July 17, 2006, <u>see supra</u> note 14, for statute of limitations purposes, it was timely filed in this Court.

court on either direct or collateral review, it is exhausted) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). "Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims," thus a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 844-45 (emphasis in original). In order for a claim to be considered exhausted, it must be "'fairly presented' to the state courts," which means "that both the operative facts and the 'controlling legal principles'" must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Pickard v. Connor, 404 U.S. 270, 275-78 (1971); Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)); Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.")

It is the petitioner's burden to prove that his claims have been exhausted. Matthews, 105 F.3d at 911. If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal

14

court and federal habeas review is ordinarily barred.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Matthews, 105 F.3d at 911 ("the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court").  Such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

In the instant case, Respondent asserts that Hood has exhausted his state remedies as to each of his claims, either because the claims were presented to the Supreme Court of Virginia or because the claims, having never been presented to any state court on direct appeal or in the state habeas petition, would now be barred from review by the Supreme Court of Virginia as procedurally defaulted under Virginia law,  Va. Code Ann. § 8.01-654(B)(2).  Respondent's Brief, at 9.

### 1. Claims 1, 3(B), and 3(E)

Respondent asserts that the instant claims 1, 3(B),[18] and 3(E) are exhausted because Hood raised those claims in his direct appeal that was considered and rejected on the merits by the Court of Appeals of Virginia, Hood I, and then by the Supreme Court of Virginia, which summarily refused the petition for appeal, Hood

---

[18]Again, the Court notes that Respondent erroneously referred to this as claim 3(A), see supra note 16.

III. Respondent's Brief, at 12-13.  The Court concurs and FINDS that claims 1, 3(B) and 3(E) have been exhausted and should be addressed on the merits.

### 2. Claims 2(A), 2(B), 2(C), and 2(D)[19]

Respondent asserts that the instant claims 2(A) through 2(D) were never properly exhausted because, while the claims were raised in the state habeas petition, which was rejected on the merits by the Circuit Court, Hood IV, Hood failed to raise the claims in his petition for appeal of that decision to the Supreme Court of Virginia.  Respondent's Brief, at 13.  Respondent further asserts, however, that because those claims were never presented to the Supreme Court of Virginia, the claims are simultaneously exhausted and procedurally defaulted for purposes of federal habeas review. Id. (citing Whitley v. Blair, 802 F.2d 1487 (4th Cir. 1986)).  As such, the claims would now be barred from review by the Supreme Court of Virginia as procedurally defaulted under Virginia law, Va. Code Ann. § 8.01-654(B)(2).  See Clagett, 209 F.3d 370 at 378-79. This rule has been held to be an "adequate and independent state ground" barring federal habeas review of the defaulted claims. Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997).

The Court has determined that it appears Hood raised the essence of these claims, however inartfully pled, as claim 2 of his

---

[19]Again, the Court notes that Respondent erroneously referred to claims 2(C) and 2(D) as claims 2(D) and 2(C), respectively, see supra note 15.

April 21, 2005, petition for appeal to the Supreme Court of Virginia: "The Circuit Court erred in finding that Petitioner was not entitled to habeas relief predicated upon ineffective [sic] assistance of counsel due to counsel's failure to object to the prosecutor's improper and unsupported comments to the Court during the trial and sentencing hearing."  As support for this claim, Hood's petition articulated at least some of the arguments contained in claims 2(A) through 2(D), and the Supreme Court of Virginia appears to have included those claims when it summarily refused the petition.  <u>Hood V</u> ("Accordingly, the case is remanded for further proceedings limited to consideration of petitioner's habeas claims (c) and (e).  <u>In all other respects, the petition is refused</u>.") (emphasis added).  Based on the foregoing, the Court FINDS that claims 2(A), 2(B), 2(C) and 2(D) are exhausted, but not procedurally defaulted, and should be addressed on the merits.

### 3. Claim 3(A), 3(C), and 3(D)

Respondent further asserts that the instant claims 3(A),[20] 3(C) and 3(D), asserting that the trial court abused its discretion in refusing the defendant's proffered jury instructions on unlawful wounding, malice, and without-fault self defense, respectively (collectively, the "jury-instruction claims"), are exhausted and procedurally barred from review in this Court.  Respondent's Brief,

---

[20]Again, the Court notes that Respondent erroneously referred to this as claim 3(B), <u>see supra</u> note 16.

at 14-16. Respondent concedes that Hood raised the jury-instruction claims in his direct appeal that was considered and rejected on the merits by the Court of Appeals of Virginia, <u>Hood II</u>, and then by the Supreme Court of Virginia, which summarily refused the petition for appeal, <u>Hood III</u>. <u>Id.</u> at 14. Based on this concession, the Court FINDS that Hood has exhausted these claims for purposes of federal habeas review.

However, Respondent asserts that in his direct appeal Hood couched these issues solely on state-law grounds, and it was on this basis that the state court denied the appeal. <u>Id.</u> at 14-15. Respondent concedes that Hood arguably attempted to raise a constitutional violation in presenting the jury-instruction claims in his state habeas petition, however, Respondent asserts that Hood never presented the constitutional issues in his petition for appeal to the Supreme Court of Virginia. <u>Id.</u> Thus, Respondent asserts that Hood is procedurally barred from asserting a constitutional claim in the instant petition because he failed to present such a claim to the Supreme Court of Virginia. <u>Id.</u> (citing <u>Whitley</u>, 802 F.2d at 1501). Moreover, Respondent asserts that such issues are not cognizable in federal habeas because they do not present federal questions. <u>Id.</u> at 15.

Hood raised the jury-instruction claims in his state habeas petition, which was rejected by the Circuit Court under <u>Henry</u>, 265 Va. at 248-49, <u>see supra</u> note 11, because the court found that the

18

claims had been raised by Hood in his direct appeals, and decided against him, and therefore were barred from consideration in habeas.[21]  Hood VI, at 4-5.  To the extent this determination only involved application of state law, it is not subject to review by this Court.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Where the underlying claim purports to concern a federal constitutional issue, on the other hand, the rule espoused in Henry, supra, does not prevent federal habeas review of the claim.  See Goins v. Angelone, 226 F.3d 312, 320, n.3, cert. denied, 531 U.S. 1046 (2000), abrogated on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) (recognizing that the general rule, denying state habeas review of "claims raised and decided against petitioner on direct review," does not prevent federal habeas review of otherwise properly raised claims).  In that event, federal habeas review of the claim necessarily involves review of the earlier state court decision that addressed the claim.  See generally id.

In the instant case, Hood presents at least a facial claim that the state court's ruling violated his constitutional rights. Accordingly, the Court will consider the jury-instruction claims,

---

[21]In so doing, the Circuit Court did not draw the distinction that Respondent now asserts, namely, that Hood failed to raise a constitutional challenge in his direct appeal of the jury-instruction claims.

claims 3(A), 3(C) and 3(D), on the merits.

### 4. Claim 3(F)

Respondent further asserts that the instant claim 3(F) is barred from review in this Court because the claim was barred from review under state procedural rules. Respondent's Brief, at 18-19. Any claims procedurally barred in state court pursuant to an adequate and independent state procedural rule are procedurally defaulted in federal court, and, consequently, are ordinarily barred from federal habeas review. Coleman, 501 U.S. at 750. Hood did not raise this claim in his direct appeal, but he did present it in his state habeas petition that was denied by the Circuit Court, Hood VI. In denying Hood's state habeas petition, the Circuit Court held that this claim was barred from state habeas review because it could have been raised at trial or on direct appeal, but was not. Hood VI, at 6. In making this ruling, the court relied on Slayton v. Parrigan, 215 Va. 27, 29 (1974), which the courts consistently have held constitutes such an independent-and-adequate state-law ground so as to support procedural default in federal court. Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Hood did not present this issue to the Supreme Court of Virginia in his petition for appeal of the denial of his state habeas petition, though he made the general assertion that all of the claims in his state habeas petition had been raised at trial or on direct appeal,

see supra notes 9, 12.  Accordingly, this claim is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.  Id. (citing Whitley v. Blair, 802 F.2d 1487 (4th Cir. 1986)).  As such, the claims would now be barred from review by the Supreme Court of Virginia as procedurally defaulted under Virginia law, Va. Code Ann. § 8.01-654(B)(2).  Clagett, 209 F.3d 370 at 378-79.  Thus, this Court FINDS that claim 3(F) in the instant federal habeas petition is procedurally defaulted from federal review.

### B.  **Procedural Default**

The Court has determined that claim 3(F) of the federal habeas petition is procedurally defaulted, supra.  Nevertheless, Hood can still obtain review of that claim in this Court if he can meet one of the exceptions to the procedural-default doctrine.

### 1. **Limited Exceptions to Procedural Default**

A petitioner may still obtain review of any procedurally-defaulted claims, if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

As to the first exception, cause refers to "some objective factor external to the defense" that impeded compliance with the

state's procedural rule.  <u>Strickler v. Greene</u>, 527 U.S. 263, 283

n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that
> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) novelty
> of the claim; and (4) constitutionally
> ineffective assistance of counsel.

<u>Wright v. Angelone</u>, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

<u>McCleskey v. Zant</u>, 499 U.S. 467, 493-94 (1991)).  An absence of due

diligence by the petitioner will defeat an assertion of cause.  <u>See</u>

<u>Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

In the instant case, Hood does not appear to challenge the

assertion that he failed to raised this claim in his direct appeal,

though he does assert that he raised the claim in his state habeas

petition.  Hood's Brief in Opposition, at 10.[22]  Hood provides no

explanation for his failure to have included this claim in his

direct appeal, other than the conclusory statement that he "simply

summed up the claims as a whole as [to] how the trial court failed

to protect the petitioner's constitutional right to a fair trial."

<u>Id.</u>  Hood does not provide the Court with any grounds on which to

find cause to excuse the procedural default.  In all respects,

therefore, none of the above-referenced factors support a finding

_____

[22]The Court notes that the pages in Hood's Brief in Opposition
are not numbered, thus the Court will refer to the pages herein in
the order in which they appear in that brief.

of cause.  First, Hood has failed to make any showing that action by the government prevented him from raising the issue on appeal. See Smith v. United States, 2005 WL 2657386 at *2 (E.D. Va.) Second, Hood has not made a credible showing that he or his counsel were unaware of the circumstances underlying this claim.[23]  See id. Third, Hood does not make any assertion of a new rule of law that would justify cause in this instance.  Finally, Hood cannot establish cause for the procedural default of this claims by asserting ineffective assistance of counsel at this juncture because he never exhausted such a claim in a state court proceeding.  See Edwards v. Carpenter, 529 U.S. 446, 453 (2000); see also Williams v. French, 146 F.3d 203, 210 n.9 (4th Cir. 1998) (ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (citing Murray v. Carrier, 477 U.S. 478, 489 (1986)).  Consequently, Hood has failed

---

[23]Indeed, even were the Court to construe Hood to argue that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray, 477 U.S. at 488.  See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

to establish the requisite cause for his failure to comply with the applicable state procedural rules for this Court to address claim 3(F) on the merits.[24]

The Court does not consider the "miscarriage of justice" exception. It is the petitioner's burden to establish the exception and Hood has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have found him guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing Herrera v. Collins, 506 U.S. 390, 401-02, 429 (1993) (White, J., concurring), incorporating the standard established in Jackson v. Virginia, 443 U.S. 307, 317 (1979)).

Accordingly, the Court FINDS that claim 3(F) raised in the instant federal habeas petition is procedurally barred before this Court, and recommends that this claim should be DENIED.

### C. Claims Rejected on the Merits in State Proceedings

The Court now considers claims 1, 2(A), 2(B), 2(C), 2(D), 3(A), 3(B), 3(C), 3(D) and 3(E) on the merits.

---

[24]Insofar as Hood has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether Hood has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted).

## 1. Merits Analysis

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].") Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

25

decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable."  Id. at 411.

## 2. Claims 1 and 3(B)

In claims 1 and 3(B), Hood asserts errors at his trial based on the Commonwealth's failure to disclose allegedly-exculpatory evidence regarding the criminal background of two (2) of its witnesses who testified at trial.  Specifically, in claim 1, Hood asserts that his conviction was the result of an unconstitutional failure of the Commonwealth to disclose evidence regarding the Commonwealth's witnesses, Timothy Smith and Donte Christian, until only ten (10) minutes before trial, in violation of Brady v. Maryland, 373 U.S. 83 (1963).[25]  Also, in claim 3(B), Hood asserts it was error for the trial court to deny the defense motion to strike the testimony of those two witnesses.  Hood raised these claims on his direct appeal to the Supreme Court of Virginia, which summarily refused that petition, Hood III.  When the Supreme Court

_____

[25]In Brady, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87.  The Court also notes the holding in Strickler v. Greene, 527 U.S. 263, 291 (1999), in which the Supreme Court found there was no violation of Brady where there is merely a reasonable possibility that the disclosure of impeachment evidence "might have produced a different result, either at the guilt or sentencing phases [of trial]"; to establish a Brady violation, a "petitioner's burden is to establish a reasonable probability of a different result." (other citations omitted).

of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

In the instant case, therefore, the Court looks to the decision of the Court of Appeals, <u>Hood I</u>, as the last reasoned state judgment on this claim.  In that decision, the Court of Appeals examined the entire record and determined that the trial court did not err in permitting the testimony of the Commonwealth's witnesses, who were used in rebuttal, even though the Commonwealth did not provide the defense with exculpatory evidence as to their criminal records until the morning of trial.  <u>Hood I</u>, at 2.  The court cited <u>Bramblett v. Commonwealth</u>, 257 Va. 263, 276-77 (1999), for the proposition that while "[e]vidence of prior convictions of a witness is impeachment evidence under <u>Brady</u>, . . . [i]f exculpatory evidence is obtained in time for it to be used effectively by the defendant [at trial], and there is no showing that an accused has been prejudiced [by the delay in receiving that information], there is no due process violation."  <u>Hood I</u>, at 2-3. The Court has determined that the Court of Appeals' analysis is consistent with the Supreme Court's pronouncements in <u>Brady</u> and <u>Strickler</u>, <u>see supra</u> note 25.[26]

_____

[26]As the Supreme Court stated in <u>Strickler</u>: there are three (3) components required to establish "a true <u>Brady</u> violation": (1) "the evidence at issue must be favorable to the accused, either because

The record reflected that defense counsel had an opportunity to review the records before those witnesses were called by the Commonwealth in rebuttal, defense counsel used the evidence during his cross-examination of the witnesses, and there was no showing of any prejudice suffered by the defendant as a result of the late disclosure. Id. at 3. Accordingly, the Court of Appeals found there was no due process violation, and the trial court had not erred in allowing the witnesses to testify on rebuttal. Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. Moreover, there is nothing to suggest that adjudication on the

---

it is exculpatory, or because it is impeaching"; (2) "that evidence must have been suppressed by the State, either willfully or inadvertently"; and (3) "prejudice must have ensued." 527 U.S. at 281-82. The Court stated: "strictly speaking, there never is a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." Id. at 281. In Strickler, the Court affirmed the petitioner's conviction after finding that while he had established the first and second prongs under Brady, exculpatory evidence and the failure to disclose such evidence, he had not established a reasonable probability of a different outcome had that evidence been disclosed, thus he failed to meet the third prong of Brady. Id. at 296.

merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, therefore, this Court FINDS that Hood has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing his claims.  As such, this Court RECOMMENDS that claims 1 and 3(B) be DENIED.

### 3. Claims 2(A), 2(B), 2(C), and 2(D): Ineffective Assistance of Counsel

In claims 2(A) through 2(D), Hood has asserted ineffective assistance of counsel.  The controlling standard for such claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  As such, to grant Hood relief on his claims, this Court must find that the state court's dismissal of those claims involved an unreasonable application of Strickland.  Under Strickland, the state court was required to subject the petitioner's claims to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice.  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  To grant relief, the state court had to find: (1) counsel's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first

prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689.  The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances.  Id. at 690-91; Kimmelman, 477 U.S. at 381.  Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard.  To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's

error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[27] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Strickland, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. See id.

### a. Claims 2(A) and 2(B)

In claims 2(A) and 2(B), Hood asserts that counsel was ineffective for failure to properly investigate and prepare the case for trial. Specifically, as to claim 2(A), Hood asserts that counsel failed to subpoena Chesterfield Police Detective Sherry Kendall as a defense witness for trial, and, as to claim 2(B), counsel failed to interview several prosecution witnesses, namely,

---

[27]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Pamela Mosby, Donte Christian, Timothy Smith, Dr. Douglas Peoples, or Detective Sheri Kendall.

In the instant case, because the Supreme Court of Virginia summarily rejected Hood's petition for appeal of the denial of his state habeas petition, Hood V, this Court looks to the denial of his petition by the Circuit Court Hood IV, as the last reasoned state judgment on this claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Circuit Court considered this claim in Hood IV and rejected it on the merits, citing Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Accordingly, this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Little, 196 F.3d 1174, 1178 (10th Cir. 1999)).

The Circuit Court reviewed this claim on the merits and found it failed under both the "performance" and "prejudice" prongs of Strickland because Hood failed to identify in his petition which witness counsel allegedly failed to interview, thus he failed to demonstrate that counsel's performance was deficient or that the result of the trial would have been different. Hood IV, at 1-2. Also, the court noted that Hood argued for the first time in his response to the defendant's motion to dismiss that counsel should have interviewed Chesterfield Police Detective Sherry Kendall and used that testimony to impeach another witness, Pamela Mosby, but

that claim was barred from review under the successive petition rule, Va. Code § 8.01-654(B)(2), because it was not included in his original petition. <u>Id.</u> at 2. Although the claim was barred, the court stated that it was not supported by the record because during trial Hood's counsel did impeach Pamela Mosby during cross-examination using several statements that Mosby did not dispute having made to Detective Kendall. <u>Id.</u> Ultimately, the court determined that Hood's claim failed because he did not demonstrate what additional information that an interview with Detective Kendall would have produced and that there was a reasonable likelihood that Detective Kendall's testimony would have resulted in a different outcome at trial. <u>Id.</u>

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. <u>See</u> <u>Bell</u>, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a

decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hood has failed to show that the Circuit Court's dismissal of these claims on the merits was either factually or legally unreasonable. Accordingly, this Court RECOMMENDS that claims 2(A) and 2(B) be DENIED.

### b.  Claim 2(C)

In claim 2(C), Hood asserts that counsel was ineffective for failing to argue and show that the indictment against Hood was flawed because it did not state the proper offense for which he was charged.

Because the Supreme Court of Virginia summarily rejected Hood's petition for appeal of the denial of his state habeas petition, <u>Hood V</u>, this Court again looks to the disposition of his petition in the Circuit Court, <u>Hood IV</u>, as the last reasoned state judgment on this claim. <u>Ylst</u>, 501 U.S. at 803. That court rejected Hood's ineffective assistance of counsel claim on the merits, under <u>Strickland</u>, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable." <u>See Bell</u>, 236 F.3d at 163.

The Circuit Court reviewed this claim on the merits and found it failed under both the "performance" and "prejudice" prongs of <u>Strickland</u> because Hood did not identify any specific deficiency in the indictments to demonstrate that he was not given proper notice of the charges brought against him, thus he was unable to establish that counsel's performance was deficient or that the result of the

trial would have been different had counsel objected to the form of the indictment.  Hood IV, at 3.  The court also rejected Hood's assertion that his counsel was ineffective for failure to argue that Hood's charges, for possession of a firearm and use of a firearm, violated the prohibition against double jeopardy because those are separate criminal offenses, thus Hood failed to demonstrate that counsel's performance was deficient or that the result of the trial would have been different had he raised such an argument.  Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hood has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this

Court RECOMMENDS that claim 2(C) be DENIED.

### c.  Claim 2(D)

In claim 2(D), Hood asserts that counsel was ineffective for failing to file a complete motion for discovery.

Because the Supreme Court of Virginia summarily rejected Hood's petition for appeal of the denial of his state habeas petition, <u>Hood V</u>, this Court again looks to the disposition of his petition in the Circuit Court, <u>Hood IV</u>, as the last reasoned state judgment on this claim.  <u>Ylst</u>, 501 U.S. at 803.  That court rejected Hood's ineffective assistance of counsel claim on the merits, under <u>Strickland</u>, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  <u>See</u> <u>Bell</u>, 236 F.3d at 163.

The Circuit Court reviewed this claim on the merits and found it failed under both the "performance" and "prejudice" prongs of <u>Strickland</u> because: (1) Hood did not specifically identify any deficiency in counsel's discovery motion and procedures, and thus he failed to establish counsel's performance was deficient, and (2) Hood failed to failed to demonstrate that the result of the trial would have been different had counsel's discovery motion and procedures been different.  <u>Hood IV</u>, at 2.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  <u>See</u> <u>Bell</u>, 236 F.3d at 163.  This Court may not grant

36

relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  On its face, the state court's rationale appears to be a reasonable application of <u>Strickland</u>, which provides the controlling standard in ineffective assistance of counsel claims.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, Hood has failed to show that the Supreme Court of Virginia's dismissal of this claim on the merits was either factually or legally unreasonable.  Accordingly, this Court RECOMMENDS that claim 2(D) be DENIED.

### 3. Claim 3(E)

In claim 3(E), Hood asserts that the trial court abused its discretion when it denied the motion in limine made by the defense based on the Commonwealth's failure to disclose allegedly exculpatory information regarding its witness, Dr. Douglas Peoples. Specifically, Hood asserts that the Commonwealth failed to disclose potentially exculpatory evidence regarding the loss or termination of the Dr. Peoples' dentistry license, in violation of <u>Brady</u>, 373 U.S. at 87.

Because the Supreme Court of Virginia summarily rejected Hood's

37

petition for appeal of the denial of his state habeas petition, <u>Hood III</u>, this Court again looks to the disposition of his petition in the Court of Appeals, <u>Hood I</u>, as the last reasoned state judgment on this claim.  <u>Ylst</u>, 501 U.S. at 803.  That court rejected Hood's claim on the merits, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  See <u>Bell</u>, 236 F.3d at 163.

The Court of Appeals determined that the trial court did not err in overruling the defendant's objection to the testimony of Dr. Peoples because the Commonwealth failed to disclose potentially exculpatory evidence regarding the loss or termination of his dentistry license due to his drug addiction.  <u>Hood I</u>, at 4-5.  As a procedural matter, the court first established that it was not the defendant's motion in limine at issue, rather it was the Commonwealth that moved the court in limine to prevent the defense from referring to this information, unless it became relevant.  <u>Id.</u> at 5 n.3.  Then, the court cited <u>Goins v. Commonwealth</u>, 251 Va. 442, 456 (1996), for the proposition that while the Commonwealth is obliged to provide the defense with exculpatory evidence, which includes impeachment evidence against a prosecution witness, to establish a <u>Brady</u> violation the defendant "must demonstrate that the undisclosed evidence was exculpatory and material either to the issue of guilt or to the issue of punishment." <u>Hood I</u>, at 5 (citing <u>Goins</u>, 251 Va. at 456 ("The mere possibility that 'undisclosed

38

information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.")) In the instant case, this Court has determined that the Court of Appeals' analysis is consistent with the Supreme Court's pronouncements in <u>Brady</u> and its progeny, <u>see</u> <u>supra</u> notes 25-26. The Court of Appeals then assumed without deciding that the information was exculpatory, under <u>Brady</u> and its progeny, but found there was not a showing of a reasonable probability of a different outcome at trial had the information been disclosed. <u>Hood I</u>, at 6 (citing <u>Hughes v. Commonwealth</u>, 18 Va. App. 510, 526 (1994) ("'A defendant cannot simply allege the presence of favorable material and win reversal of his conviction.' Rather, a defendant must <u>prove</u> the favorable character of evidence he claims has been improperly suppressed. Speculative allegations are not adequate.") (citations omitted)).

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. <u>See</u> <u>Bell</u>, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision

that was based on an unreasonable determination of the facts.

Based on the foregoing, therefore, this Court FINDS that Hood has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing his claims. As such, this Court RECOMMENDS that claim 3(E) be DENIED.

### 4. Claims 3(A), 3(C) and 3(D)

In claims 3(A), 3(C) and 3(D), Hood has asserted that the trial court abused its discretion in refusing the defendant's proffered jury instructions on unlawful wounding, malice, and without-fault self defense, respectively (collectively, the "jury-instruction claims"). Specifically, as to claim 3(A), Hood asserts that the trial court should have granted an instruction on the lesser-included offense of unlawful wounding; as to claim 3(C), Hood asserts that the trial court should have granted an instruction to help the jury distinguish heat of passion from malice; and, as to claim 3(D), Hood asserts that the trial court should have granted an instruction on without-fault self defense because by instructing the jury only on self defense with-fault, the court precluded the jury from considering whether Hood was justified in his actions.

Because the Supreme Court of Virginia summarily rejected Hood's petition for appeal of the denial of his state habeas petition, Hood III, this Court again looks to the disposition of his petition in the Court of Appeals, Hood II, as the last reasoned state judgment

40

on this claim.  <u>Ylst</u>, 501 U.S. at 803.  That court rejected Hood's jury-instruction claims on the merits, thus this Court may not grant relief unless it determines that the state court's decision on the merits was "legally or factually unreasonable."  <u>See</u> <u>Bell</u>, 236 F.3d at 163.

### a. Claim 3(A)

As to claim 3(A), the Court of Appeals determined that the trial court did not err in denying the defense's request for a jury instruction on malice because the evidence failed to establish acts performed in the heat of passion, thus there was no need for a jury instruction to distinguish heat of passion from malice.  <u>Hood II</u>, at 5.  The court rejected Hood's argument that the evidence suggested he had acted in a heat of passion, as opposed to acting with malice, because there was no evidence for the jury to have found that the victim's actions reasonably provoked Hood to act in the heat of passion.  <u>Id.</u> at 6.  The court also rejected Hood's assertion that he acted in a heat of passion because his contention that fired a "warning shot" that unintentionally struck the victim was inconsistent with his claim of heat of passion.  <u>Id.</u> at 5. Ultimately, the court determined that "not a scintilla of evidence in this case supports Hood's contention that he acted in the heat of passion."  <u>Id.</u>

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not

necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, therefore, this Court FINDS that Hood has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing his claim.  As such, this Court RECOMMENDS that claim 3(A) be DENIED.

### b. Claim 3(C)

As to claim 3(C), the Court of Appeals determined that the trial court did not err in denying the defense's request for a jury instruction on malice because, for the same reasons stated in denying claim 3(A), supra, the evidence failed to establish that Hood acted in the heat of passion.  Hood II, at 7.  Accordingly, the court determined there was no need for a jury instruction to distinguish heat of passion from malice.  Id.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant

relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, therefore, this Court FINDS that Hood has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing his claim. As such, this Court RECOMMENDS that claim 3(C) be DENIED.

### c. Claim 3(D)

As to claim 3(D), the Court of Appeals determined that the trial court did not err in denying the defense's request for a without-fault self-defense jury instruction because the evidence failed to establish that Hood was without fault in the first instance. _Hood II_, at 7. The court found that the record established "Hood's fault in the fray," when he, among other things, armed himself and behaved aggressively towards the victim, and when he failed to desist his aggressive behavior, even after the victim had turned and walked away. _Id._ On this basis, even viewing the evidence in the light most favorable to Hood, the court found there was not a scintilla of evidence to support Hood's proffered jury

43

instruction.  Id. at 8.

Because the state court clearly articulated the rationale behind its ruling, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies.  There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law.  Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Based on the foregoing, therefore, this Court FINDS that Hood has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing his claim.  As such, this Court RECOMMENDS that claim 3(D) be DENIED.

## IV.  RECOMMENDATION

For the foregoing reasons, having denied Hood's request for an evidentiary hearing, the Court recommends that Hood's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Hood's claims be DISMISSED WITH PREJUDICE.

Hood has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn,

474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984);

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on February 16, 2007

_____/s/_____

F. Bradford Stillman
United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

Darrick H. Hood, #218683
Nottoway Correctional Center
P.O. Box 488
Burkeville, VA  23922
PRO SE

Rosemary V. Bourne, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219


Fernando Galindo,
Acting Clerk of Court


By: _____
Deputy Clerk

February   , 2007